AVERY DENNISON CORP., Plaintiff,

v.

FOUR PILLARS, Defendants.

Misc. Nos. 99–58 (CKK/JMF),
99–86 (CKK/JMF).

United States District Court,
District of Columbia.

Oct. 29, 1999.

---

Michael Lee Martinez, Thompson, Hine & Flory, L.L.P., Washington, DC, for Plaintiff.

Kathleen Heenan McGuan, Reed, Smith, Shaw & McClay, L.L.P., Washington, DC, for Defendants.

Nancy Luque, Reed, Smith, Shaw & McClay, L.L.P., Washington, DC, for Movants.

## MEMORANDUM AND ORDER

FACCIOLA, United States Magistrate Judge.

My earlier opinion sets forth the history of this controversy. It suffices for present purposes to review only the most recent history.

This case is intimately connected to a matter pending before Judge Nugent in the Northern District of Ohio. Avery Dennison ("Avery") is the plaintiff in that action and Four Pillars Enterprise Company is a defendant. Judge Nugent was asked to prevent the defendants before him from pursuing litigation in Taiwan and the People's Republic of China. Bork and Associates ("Bork") is a public relations firm and Reed Smith Shaw & McClay ("Reed Smith") is a law firm. Avery sought to compel Bork and Reed Smith by *subpoena duces tecum* to produce documents which, to speak generally, relate to the prosecution of the litigation in Taiwan and China.

In moving to quash that subpoena Bork and Reed Smith argued *inter alia* that the documents sought by Avery were protected by the attorney client and work product privileges. To assess that claim, I ordered that the documents be produced for my *in camera* inspection by my order of June 23, 1999. Bork and Reed Smith moved me to reconsider that order by motions they filed on July 12, 1999. Bork, in particular, noted that Avery had never complained either to Judge Nugent or me that it needed additional documents, including the ones it sought in the action before me, to make its arguments effectively to Judge Nugent. Bork argued that, since Avery clearly had everything it needed, and had fully briefed the injunction issue before Judge Nugent without protesting it needed the documents it sought from Bork and Reed Smith, the documents it sought were neither necessary nor relevant. It was in this sense that Bork argued that the matter before me was moot.

By my order of October 14, 1999, I denied the motion for reconsideration and

ordered once again that the documents be produced for my *in camera* inspection. On the day they were due Bork and Reed Smith moved me to stay that order and advised me formally[1] for the first time that Judge Nugent had, on August 8, 1999, denied the injunction Avery sought to prevent the prosecution of litigation in a foreign jurisdiction. Thus, when I denied the motion for reconsideration on October 14, 1999 I was unaware of Judge Nugent's order because no one had brought it to my attention.[2]

This history establishes that, until now, no one has ever argued that, Judge Nugent's August 9, 1999 order rendered this action moot and I have never had to address that jurisdictional argument before. I conclude that I must do so now and stay my October 14, 1999 order because a question of my continuing jurisdiction has arisen and I must resolve it before I do any thing else. That is, after all, the unequivocal command of the Supreme Court's decision in *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Thus, I cannot review the documents said to be privileged and, if I conclude that they are privileged, decline to consider the question of whether this action is now moot. Instead, I must consider the question of jurisdiction first lest I consider the merits of the controversy before I determine whether I have jurisdiction to consider the merits and thereby commit the very *ultra vires* act the Supreme Court condemned in the *Steel Company* case.

I appreciate, of course, that the parties may feel that by focusing solely on the jurisdictional issue I have changed the rules in the middle of the game. To prevent any unfairness, I will permit them to file within ten days of this order any additional submission they wish, focusing, however, solely on the question of whether this

action is now moot because of Judge Nugent's August 9, 1999 order. In the meanwhile, however, and pending the completion of briefing, I will stay my earlier order.

IT IS THEREFORE ORDERED that *Bork & Associates and Reed Smith Shaw & McClay, LLP's Joint Motion to Stay this Court's In Camera Production Order* is granted and that my order of October 14, 1999 is stayed.

---

1. Bork and Reed Smith wrote me letters about this decision but because Local Rule 5.1(b) prohibits correspondence to a judge concerning pending matters I returned their letters to them.

2. Bork and Reed Smith have apologized to me for not bringing the order to my attention.